IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **FRANCIS BOYD** | : | **CIVIL ACTION** |
| | : | |
| vs. | : | |
| | : | |
| **SUPERINTENDENT KLEM** | : | NO. 07-01314 |

**MEMORANDUM AND ORDER**

PRATTER, J.                                                                                                                           SEPTEMBER 13, 2007

      Petitioner Boyd seeks relief pursuant to Section 2254 of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2254. By means of AEDPA, Congress intentionally created a series of restrictive gate-keeping conditions which must be satisfied in order for a prisoner to secure a writ of habeas corpus pursuant to § 2254. One such condition is AEDPA's strict and short statute of limitations, created by 28 U.S.C. § 2244(d). Another is AEDPA's so-called "second or successive rule," embodied in 28 U.S.C. § 2244(b), which generally prohibits the filing of a § 2254 habeas petition if the petitioner had filed at least one prior § 2254 habeas petition that was dismissed with prejudice. For purposes of the second or successive rule, the concept of "dismissal with prejudice" means either that:

    1.    the prior case was dismissed after merits consideration and denial on the merits; or

    2.    the prior case was dismissed on grounds of procedural default;[1] or

---

[1] Procedural default occurs when a § 2254 petitioner previously had the right to file an appeal of his conviction and/or sentence to a state appellate court, or the right to file an application for post-conviction relief from the conviction and/or sentence involved to a state appellate court, concerning specific issues, but the petitioner did not, in fact, file such an appeal or application, and some procedural rule of the state appellate court dictates that the time has passed for such a state filing.

      3.      the prior case was dismissed on grounds of AEDPA's statute of limitations.

See, e.g., Villot v. Varner, 373 F.3d 327 (3d Cir. 2004); Holloway v. Horn, 355 F.3d 707 (3d Cir. 2004); Jones v. Morton, 195 F.3d 153 (3d Cir. 1999); Hull v. Kyler, 190 F.3d 88 (3d Cir. 1999); Christy v. Horn, 115 F.3d 201 (3d Cir. 1997).

      AEDPA provides in relevant part that before such a second or successive petition is filed in the district court, the prisoner must first move in the appropriate circuit court for an order authorizing the district court to consider the petition. 28 U.S.C. § 2244(b)(3)(A); see also In re Minarik, 166 F.3d 591, 609 (3d Cir. 1999). In the absence of permission, as confirmed in the cases cited immediately above, the district court lacks subject matter jurisdiction to consider such a petition. The strict requirements of AEDPA's second or successive rule were enacted in order to support Congress's policy of creating finality with respect to state and federal criminal prosecutions that may involve federal constitutional issues. See Woodford v. Garceau, 538 U.S. 202 (2003); Duncan v. Walker, 533 U.S. 167 (2001); Crews v. Horn, 360 F.3d 146 (3d Cir. 2004).

      On May 7, 2007 Mr. Boyd filed this petition in this court. He endeavors to invoke 28 U.S.C. § 2254. His petition challenges the state's denial of parole for his benefit. AEDPA's second or successive rule generally precludes the consideration of second or successive § 2254 petitions that attack a denial of parole, even where the previous § 2254 petition did not raise parole issues. See Benchoff v. Colleran, 404 F.3d 812, 820 (3d Cir. 2005) (holding that petitioner's parole claim, which he withheld from a previous petition while he exhausted it in state court, was "successive").

      Petitioner Boyd has filed two previous petitions in this court pursuant to 28 U.S.C. § 2254, docketed at No. 88-cv-9011 and No. 97-cv-7160, respectively. Each of Mr. Boyd's prior petitions

attacked the same conviction and/or sentence. The first of his habeas petitions, filed at No. 88-cv-9011, was dismissed without prejudice for failure to exhaust state court remedies. Mr. Boyd's second habeas petition, docketed at No. 97-7160, was dismissed as time-barred, constituting a dismissal with prejudice. Thus, the second or successive rule is triggered in this matter and Mr. Boyd's current Petition must be dismissed because he has not obtained the permission of the Court of Appeals to file this petition.

Accordingly, **IT IS ORDERED** that:

1. Mr. Boyd's Petition (Docket No. 1) is **DISMISSED** on the grounds that this Court lacks subject matter jurisdiction over it.

2. The Clerk of the Court shall mark this matter as **CLOSED** for all purposes, including statistics.

3. There is no probable cause to issue a certificate of appealability.[2]

BY THE COURT:

S/Gene E.K. Pratter
Gene E.K. Pratter
United States District Judge

---

[2] A certificate of appealability may issue only upon "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A petitioner must "demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484, 146 L. Ed. 2d 542, 120 S. Ct. 1595 (2000); Lambert v. Blackwell, 387 F.3d 210, 230 (3d Cir. 2004). There is no probable cause to issue a certificate of appealability in this action.